UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TANAR MCKENZIE,

                Plaintiff,

    v.

PIERCE COUNTY,

                Defendant.

Case No. C24-5509-LK-SKV

ORDER CONDITIONALLY GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*

       This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Tanar McKenzie was formerly confined at the Pierce County Jail ("the Jail") in Tacoma, Washington.[1] On June 24, 2024, Plaintiff submitted to this Court for filing a proposed prisoner civil rights complaint and an application to proceed with this action *in forma pauperis* ("IFP"). *See* Dkt. 1. However, Plaintiff failed to submit with his IFP application the prison trust account statement required by 28 U.S.C. §1915(a)(2). Thus, on June 28, 2024, the Clerk sent Plaintiff a letter advising him that his IFP application was deficient and that he would need to correct the deficiency not later than July 29, 2024, or face dismissal of this action. Dkt. 2. On July 24, 2024, Plaintiff filed a motion for extension of time to file his prison trust account statement. Dkt.

---

[1] Plaintiff has since been transferred to the Washington State Penitentiary in Walla Walla, WA. *See* Dkt. 5.

ORDER CONDITIONALLY GRANTING
APPLICATION TO PROCEED IN FORMA
PAUPERIS - 1

4.  Plaintiff explains in the motion that to date, the Jail has failed to provide him with his prison trust account statement despite his request and payment for such. *Id*.

The Court has heard from numerous Pierce County Jail inmates in recent months about difficulties they have had obtaining prison trust account statements from Jail officials, which has resulted in delays in processing the inmates' cases. Given the difficulty Plaintiff has experienced in obtaining a trust account statement from Jail officials, and given the Court's concern that Plaintiff may be unable to correct his IFP deficiency in a reasonable amount of time in light of this delay, the Court deems it appropriate to conditionally grant Plaintiff's application to proceed *in forma pauperis* rather than grant the motion for extension.

Based on the foregoing, the Court, hereby ORDERS as follows:

(1) Plaintiff's application to proceed IFP, Dkt. 1, is conditionally GRANTED as Plaintiff's declaration indicates that he is unable to afford the Court's filing fee or give security therefore. As set forth below, an initial partial filing fee will be collected, and Plaintiff is thereafter required to make monthly payments of 20 percent of the preceding month's income credited to his account until the full amount of the filing fee is satisfied.

Pursuant to 28 U.S.C. § 1915, and Plaintiff's approved application to proceed *in forma pauperis*, the agency having custody of the above-named Plaintiff is directed to calculate an initial partial filing fee equal to 20 percent of the greater of either: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the date of this Order. The initial partial filing fee should be forwarded to the Clerk of Court as soon as practicable.

Subsequently, if the prisoner's account exceeds $10.00, each month the agency having custody of the prisoner is directed to collect and forward payments equal to 20 percent of the

prisoner's preceding month's income credited to the prisoner's account. If the monthly payment would reduce the prisoner's account below $10.00, the agency should collect and forward only that amount which would reduce the prisoner's account to the $10.00 level. Please note that this $10.00 limit does not apply to the initial partial filing fee described above. Finally, the monthly payments should be collected and forwarded to the Court until the entire filing fee ($350.00) for this matter has been paid.

(2) Plaintiff's motion for extension of time to submit his trust account statement, Dkt. 4, is STRICKEN as moot. Plaintiff should continue to pursue efforts to obtain his trust account statement and he should submit the statement to the Court as soon as he is able to do so. Failure to submit the statement during the course of this litigation may result in revocation of Plaintiff's IFP status.

(3) The Clerk is directed to send copies of this Order to Plaintiff, to the financial officer of this Court, to the agency having custody of Plaintiff, and to the Honorable Lauren King.

DATED this 30th day of July, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER CONDITIONALLY GRANTING
APPLICATION TO PROCEED IN FORMA
PAUPERIS - 3